UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

AMBER WALSH,

    Plaintiff,

    v.                                COMPLAINT
                                    Case Number: 20-1918

JOHNSON CONTROLS, INC.;

    Defendant.

---

    Plaintiff, Amber Walsh, through her attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson and Kelsey R. S. Kerr, allege in this Complaint and show to the Court as follows:

### NATURE OF THE CASE

    1.     Plaintiff alleges that Defendant, Johnson Controls, Inc., violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et. seq.*] when it discharged her from employment because of her FMLA-protected absences. Plaintiff alleges that Defendant violated the American with Disabilities Act of 1990 ("ADA"), as amended most recently by the Civil Rights Act of 1991, [42 U.S.C. § 2000, *et seq.*], and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq*.], by failing to accommodate Plaintiff's disability and discharging her from employment because of her disability.

### JURISDICTION AND VENUE

    2.     Jurisdiction over Plaintiff's claims under the FMLA and ADA is conferred on this Court by 28 U.S.C. § 1331.

    3.     The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. §1391, because the Defendant resides in the Eastern District of Wisconsin

and the unlawful actions occurred in the Eastern District of Wisconsin.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.Pro., have been performed or have otherwise occurred.

## JURY DEMAND

5. Plaintiff demands that her case be tried to a jury of her peers.

## PARTIES

6. Plaintiff, Amber Walsh ("Walsh"), is an adult who resides at 5801 Sandview Lane, Racine, WI 53406.

7. Defendant, Johnson Controls, Inc. ("JCI"), is a company incorporated under the laws of the State of Wisconsin, engaged in the manufacturing of equipment, with its principal place of business located at 507 E Michigan St., Milwaukee, WI 53202.

## OPERATIVE FACTS

8. Walsh began her employment with JCI on February 1, 2011 as a Human Resources representative.

9. JCI employed more than 50 employees during the relevant period and was therefore subject to the FMLA and the ADA.

10. Walsh performed her job as Human Resources Manager to the reasonable expectations of JCI and was promoted a number of times, ultimately to the position of Human Resources Manager.

11. Walsh was diagnosed with several health conditions, the constellation of which comprised a disability.

12. Walsh is an individual with a disability due to a physical or mental impairment that substantially limits one or more major life activities; she has a record of this type of

impairment; and, she is regarded as having such impairment.

13. Management of JCI was aware of Walsh's disability.

14. Walsh was on FMLA leave from work during May and June 2018 for her disability.

15. JCI knew or reasonably should have known about Walsh's disability and her need for accommodation.

16. JCI failed to engage in an interactive process to determine a reasonable accommodation for Walsh.

17. JCI refused to reasonably accommodate Walsh's disability.

18. JCI cannot demonstrate that the accommodation would pose a hardship on its business.

19. JCI terminated Walsh on June 26, 2018 because of her disability.

20. JCI was covered by the FMLA.

21. Walsh was entitled to leave under the FMLA.

22. Walsh provided sufficient notice of her intent to take FMLA-qualifying leave.

23. JCI took materially adverse actions against Walsh by terminating her employment because Walsh exercised her rights protected under the FMLA.

**FIRST CLAIM FOR RELIEF**
**FAMILY AND MEDICAL LEAVE ACT**
**RETALIATION § 2615(a)(2)**

24. As and for a first claim for relief, Walsh re-asserts the allegations recited in the paragraphs above and fully incorporates those paragraphs herein by reference.

25. JCI willfully violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse actions of terminating the Plaintiff because of her activities protected by the FMLA.

26. The allegations more particularly described above regarding the intentional discriminatory practices of JCI, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*].

27. The allegations more particularly described above caused Walsh wage loss, benefits loss, and expenses, all to her damage.

**SECOND CLAIM FOR RELIEF**
**FAMILY AND MEDICAL LEAVE ACT**
**INTERFERENCE § 2615(A)(1)**

28. As and for a second claim for relief, Walsh re-asserts the allegations recited in paragraphs 1-23 above and fully incorporates those paragraphs herein by reference.

29. JCI willfully deprived Walsh of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that she was eligible for the FMLA's protections, JCI was covered by the FMLA, Walsh was entitled to leave under the FMLA, she provided sufficient notice of her intent to take FMLA-qualifying leave, and JCI denied her FMLA benefits to which she was entitled.

30. The allegations more particularly described above regarding the intentional discriminatory practices of JCI, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*]

31. The allegations more particularly described above caused Walsh wage loss, benefits loss, and expenses, all to her damage.

**THIRD CLAIM FOR RELIEF**
**AMERICANS WITH DISABILITIES ACT**
**FAILURE TO ACCOMMODATE**

32. As for the third claim for relief, Walsh re-asserts the allegations recited above in

paragraphs 1-23 and fully incorporates those paragraphs herein by reference.

33. The allegations more particularly described above constituted violations of American with Disabilities Act of 1990 ("ADA"), as amended most recently by the Civil Rights Act of 1991, [42 U.S.C. § 2000, *et seq.*], and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq.*], when JCI failed to accommodate Walsh, causing her to suffer wage loss, benefits loss, and expenses, all to her damage.

### FOURTH CLAIM FOR RELIEF
### AMERICANS WITH DISABILITIES ACT
### DISCRIMINATORY DISCHARGE

34. As and for a fourth claim for relief, Walsh re-asserts the allegations recited above in paragraphs 1-23 and fully incorporates those paragraphs herein by reference.

35. The allegations more particularly described above constituted violations of the American with Disabilities Act of 1990 ("ADA"), as amended most recently by the Civil Rights Act of 1991, [42 U.S.C. § 2000, *et seq.*], and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq.*], when JCI discharged Walsh because of her disability, causing her to suffer wage loss, benefits loss, and expenses, all to her damage.

### FIFTH CLAIM FOR RELIEF
### AMERICANS WITH DISABILITIES ACT
### RETALIATORY DISCHARGE

36. As and for a fifth claim for relief, Walsh re-asserts the allegations recited above in paragraphs 1-23 and fully incorporates those paragraphs herein by reference.

37. The allegations more particularly described above constituted violations of American with Disabilities Act of 1990 ("ADA"), as amended most recently by the Civil Rights Act of 1991, [42 U.S.C. § 2000, *et seq.*], and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq.*], when JCI retaliated against Walsh because of her opposition to disability

discrimination, causing her to suffer wage loss, benefits loss, and expenses, all to her damage.

WHEREFORE Plaintiff demands relief as follows:

    A.    Judgment against the above-named Defendant awarding Plaintiff damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the ADA and/or FMLA violations;

    B.    judgment against the above-named Defendant awarding Plaintiff compensatory damages for losses of wages, benefits, expenses, insurance, emotional pain, suffering, humiliation, embarrassment, mental anguish, and medical expenses;

    C.    judgment against the above-named Defendant awarding Plaintiff punitive damages in an amount deemed sufficient by the trier of fact to punish and deter the Defendant from engaging in such unlawful conduct now and in the future;

    D.    judgment against the above-named Defendant awarding Plaintiff reinstatement and/or damages for monetary losses and expenses;

    E.    judgment against the above-named Defendant awarding Plaintiff costs, disbursements, prejudgment interest, actual attorney fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees;

    F.    judgment against the above-named Defendant awarding Plaintiff an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617; and

    G.    such other relief as the Court deems just and equitable.

    Dated this 29th day of December, 2020.

- 6 -
Case 2:20-cv-01918-NJ    Filed 12/29/20    Page 6 of 7    Document 1

s/ Alan C. Olson
Alan C. Olson, SBN: 1008953
Kelsey R. S. Kerr, SBN: 1113700
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com
Email: KKerr@Employee-Advocates.com
